**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| **DILRUBA ISLAM** | : | Bankruptcy No. 22-11061-elf |
| | : | |
| **Debtor** | : | |

**MOTION OF EXCEL FINANCIAL CORP.
FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(a)**

Excel Financial Corp. ("Excel"), by and through its undersigned counsel, Friedman Schuman, P.C., moves this Court for relief from the automatic stay under 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001(a) (the "Motion"), and in support thereof of avers as follows:

**JURISDICTION**

1. On April 26, 2022 (the "Petition Date"), Dilruba Islam (the "Debtor") filed a Voluntary Petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

2. This contested matter arises under 11 U.S.C. § 362(d) and is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G). This Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(a) and 1334. The statutory predicates for the relief sought hereunder are §§105(a) and 362(d) of the Bankruptcy Code and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3. On or about September 19, 2017, Excel entered into a loan transaction with the Debtor and Ashraful Islam ("A. Islam") pursuant to which Excel made a loan to the Debtor and A. Islam in the principal amount of $160,000.00 (the "Loan") in accordance with the terms and

conditions of that certain Loan Agreement between the Debtor, A. Islam and Excel dated September 19, 2017 (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto, incorporated herein and marked as Exhibit "A".

4. The Loan is evidenced by that certain mortgage note dated September 19, 2017 in the original principal amount of $160,000.00 from the Debtor and A. Islam (the "Note"), evidencing the Debtor and A. Islam's obligation to repay the Loan. A true and correct copy of the Note is attached hereto, incorporated herein and marked as Exhibit "B".

5. In order to secure the Debtor and A. Islam's obligation to repay the Loan, on or about September 19, 2017, the Debtor and A. Islam executed and delivered to Excel an Open-End Mortgage on the property located at 407-409 W. Main Street, Lansdale, PA 19446 (the "Main St. Premises"), which mortgage was duly recorded with the Recorder of Deeds of Montgomery County on September 21, 2017 at Book 14411, Page 00494 et seq. (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto, incorporated herein and marked as Exhibit "C".

6. As further security for the Debtor and A. Islam's obligations under the Note, on or about September 19, 2017, the Debtor and A. Islam executed and delivered to Excel an assignment of rents and leases for the Mortgaged Property dated September 19, 2017, which assignment of rents and leases was duly recorded with the duly recorded with the Recorder of Deeds of Montgomery County on September 21, 2017, at Book 6062, Page 00699 et seq. (the "Assignment of Rents and Leases"). A true and correct copy of the Assignment of Rents and Leases is attached hereto, made a part hereof and marked as Exhibit "D".

7. Excel is also the holder of a judgment against the Debtor and A. Islam entered in the Court of Common Pleas of Montgomery County at No. 2020-02775, which judgment

operates as a lien against all real property owned by the Debtor and A. Islam in Montgomery County at the time of entry of the judgment, as more fully described in Paragraph 11, below.

8. The Loan Agreement, Note, Mortgage and all other documents executed and delivered to Excel in connection with the Loan are sometimes collectively referred to hereinafter as the "Loan Documents".

9. Prior to the Petition Date, the Debtor and A. Islam defaulted on their obligations to Excel under the Loan and Loan Documents, as a consequence of, *inter alia*, the Debtor's failure to make the contractual monthly payments under the Loan and upon maturity.

10. Had the Loan not been accelerated and payment due and payable in full, the Loan would have matured on the Maturity Date of September 19, 2020.

11. On or about February 7, 2020, judgment was entered in the Court of Common Pleas of Montgomery County at no. 2020-02775 in favor of Excel and against the Debtor and A. Islam, jointly and severally, in the amount of $188,518.21, plus interest from January 31, 2020, at the per diem rate of $61.63.

12. The Judgment operates as a lien on all real property owned by the defendants therein in the county in which the Judgment was entered—including the real property and improvements thereon located at 404 Doylestown Pike, Montgomeryville, PA (the "Doylestown Pike Premises").

13. On or about August 3, 2020, execution was issued on the Judgment against both the Main St. Premises and Doylestown Pike Premises, as Excel elected and as permitted by the Pennsylvania Rules of Civil Procedure.

14. The Main St. Premises and Doylestown Pike Premises were scheduled for sheriff's sale on January 27, 2021.

15. A. Islam filed a Chapter 13 Petition on January 26, 2021, the day before the scheduled sheriff's sale, at Bankruptcy No. 21-10190-amc (the "Second A. Islam Bankruptcy Case").

16. A. Islam previously filed a Chapter 13 Petition at Bankruptcy No. 18-13518-amc (the "First A. Islam Bankruptcy Case").

17. The First A. Islam Bankruptcy case was dismissed by Court Order on October 3, 2018, as a consequence of the debtor's failure to make plan payments.

18. On or about May 18, 2021, Excel filed a Motion for Relief from the Automatic Stay in the Second A. Islam Bankruptcy Case.

19. A. Islam filed a response to Excel's Motion for Relief from the Automatic Stay, and the hearing on the Motion for Relief was continued from time to time as the parties attempted to resolve the Motion or at the court's direction.

20. In an abundance of caution, Excel filed an amended proposed form of Order granting relief from the co-debtor stay under 11 U.S.C. § 1301(a) (to the extent applicable), although the loan at issue is a commercial loan and almost undoubtedly not subject that provision.

21. The Debtor was served with the Amended Order and Motion for Relief; however, she did not file a written response or appear at any of many scheduled hearings.

22. On or about March 29, 2022, Excel filed a Certification of No Response by the Debtor to Excel's Motion for Relief from Stay in the Second A. Islam Bankruptcy Case.

23. No payments were made to Excel on the Loan during the Second A. Islam Bankruptcy Case.

24. A. Islam and Excel ultimately entered into a Stipulated Order regarding the Motion for Relief, which Stipulated Order was approved by this Court on March 2, 2022 (the "Stipulated Order").

25. A. Islam defaulted under the Stipulated Order, and or about March 29, 2022, Excel filed a Certification of Default.

26. A. Islam filed an Objection to Excel's Certification of Default.

27. On or about April 5, 2022, this Court entered an Order Granting Excel Relief from the Automatic Stay.

28. Per the express terms of the Stipulated Order:  (a) The relief from the automatic stay of 11 U.S.C. §362(a) granted hereunder shall extend to any subsequent bankruptcy filed by the Debtor within one hundred eighty (180) days following any dismissal of the above-captioned case; and (b) the Stipulated Order shall survive the conversion, dismissal or termination of this bankruptcy case, and shall be binding upon the Debtor and any Trustee presently acting or subsequently appointed to this or any subsequent bankruptcy case filed by the Debtor.

29. On or about April 14, 2022, A. Islam filed a Motion to Voluntarily Dismiss the Second A. Islam Bankruptcy Case under 11 U.S.C. §Section 1307(b), and the Second A. Islam Bankruptcy was dismissed on April 18, 2022.

30. The Main St. Premises and the Doylestown Pike Premises were scheduled to be sold at sheriff's sale on April 27, 2022, the sheriff's sale having been postponed from time to time for over a one-year period during A. Islam's Second Bankruptcy.

31. On April 26, 2022, the Debtor filed her Chapter 13 Petition – one day before the scheduled sheriff's sale.

32. As of the Petition Date, the following amounts are due and payable under the Loan:

Itemization of Indebtedness

| | |
|---|---:|
| Principal Balance | $136,140.27 |
| Interest Due through 4/26/22 | $79,293.13 |
| Late Fees Due | $4,303.75 |
| Maturity Fee | $6,700.51 |
| Satisfaction Fees | $315.00 |
| Attorneys' Fees and Costs | $67,055.88 |
| Total: | $293,808.54 |

Per Diem Default Rate 16.25%

33. The Debtor has not made any post-Petition payments to Excel.

34. Post-petition interest and other charges continue to accrue on the Loan.

**THE RELIEF REQUESTED AND THE REASONS THEREFOR**

35. In relevant part, § 362(d) of the Bankruptcy Code provides as follows:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization…

36. As set forth above, under 11 U.S.C. § 362(d)(1), a creditor may be granted relief from the automatic stay for cause, including a lack of adequate protection for its interest in the property. *See In re Biltwood Properties LLC*, 473 B.R. 70, 74 (Bankr. M.D. Pa. 2012). Relief also may be granted if the debtor has no equity in the property and the property is not necessary to an effective reorganization. *Id.*

37. The term "adequate protection" is not defined in the Bankruptcy Code. At a bare minimum, however, it means that a secured creditor must be given reasonable assurance that the

value of its secured interest in an item of property is, and will continue to be, protected by the debtor. *In re Cooley*, 37 B.R. 590, 592 (Bankr. E.D. Pa. 1984).

38. Adequate protection comes in a variety of forms, including periodic payments, additional replacement liens, and other relief that provides the "indubitable equivalent" to the protections afforded to the creditor outside of bankruptcy. *In re Biltwood, supra*.

39. The debtor has the burden of proof on the adequate protection issue under §362(d)(2).

40. In the instant case, cause exists for relief from the automatic stay, as the Debtor has failed to make payment in full of a matured Loan.

41. Moreover, the Debtor has failed to make any post-Petition payments on the Loan.

42. Further, the Doylestown Pike Premises were sold at tax sale on September 25, 2020, as a consequence of the failure of the Debtor and A. Islam to pay real estate taxes due on the property.

43. The tax upset sale is subject to liens and encumbrances of record, including the lien of the Judgment in favor of Excel.

44. The Debtor no longer has an ownership interest in the Doylestown Pike Premises, and, accordingly, the Doylestown Pike Premises are not necessary to an effective reorganization

45. The Debtor's conduct and that of A. Islam has been calculated to frustrate Excel's enforcement of its rights and remedies under the Loan Documents and the Judgment.

46. The Debtor's Chapter 13 Petition was filed in bad faith.

47. The Debtor's Bankruptcy Petition is designed to circumvent the relief granted in the Second A. Islam Bankruptcy Case.

48. The Debtor failed to respond to Excel's Motion for Relief in the A. Islam Second Bankruptcy, and she should not be given a second "bite at the apple" herein.

49. To the extent applicable, this also constitutes a motion for relief from the co-debtor stay under 11 U.S.C. §1301(a).

## CONCLUSION

50. For the foregoing reasons, the entry of an order vacating the automatic stay for the purposes described herein is in all respects appropriate.

WHEREFORE, Excel Financial Corp. respectfully requests the entry of an Order pursuant to 11 U.S.C. §362(d) and Federal Rule of Bankruptcy Procedure 4001(a) allowing Excel Financial Corp. to exercise its rights and remedies with respect to the Debtor Collateral, including, but not limited to, the foreclosure and sheriff's sale of the Debtor Mortgaged Property, together with such other and further relief as is just and proper.

Respectfully submitted,

Dated: May 16, 2022

_____
Leona Mogavero, Esquire
Friedman Schuman, P.C.
275 Commerce Drive, Suite 210
Fort Washington, PA  19034
Telephone:  (215) 635-7200
Facsimile:  (215) 635-7212
LMogavero@fsalaw.com
Counsel for Excel Financial Corp.