# EXHIBIT "B"

## MORTGAGE NOTE

$ 160,000.00                                                          September 19th, 2017

FOR VALUE RECEIVED, **ASHRAFUL ISLAM and DILRUBA ISLAM**, adult individuals (the "Borrower"), with an address at 1611 Clearview Road, Lansdale, PA 19446, promise to pay to the order of **EXCEL FINANCIAL CORP.**, with an office at 455 Pennsylvania Avenue, Suite 2LF, Fort Washington, PA 19034 ("Lender"), at such office of Lender or at such other place as Lender may designate from time to time in writing, the principal sum of One Hundred Sixty Thousand Dollars, lawful money of the United States of America, or, if less, the outstanding principal balance on all loans and advances made by Lender hereunder, together with interest thereon from the date of each advance at the rates hereinafter provided, and both payable as hereinafter provided.

1.    **Interest.**

(a)    The principal sum outstanding from time to time hereunder shall bear interest at a floating rate equal to the "Wall Street Prime Rate" (as hereinafter defined) plus seven (7%) percent per annum. Notwithstanding the foregoing, the minimum rate of interest shall be eleven and one quarter (11.25%) percent per annum.

(b)    For purposes of this Note, the "Wall Street Prime Rate" shall mean the prime rate published in the "Money Rates" section of The Wall Street Journal, or its successor or the highest prime rate if more than one is published, as such rate may change from time to time. The interest rate hereunder shall change automatically as of the effective date of each change in the Wall Street Prime Rate. When the interest rate changes on a day other than the first day of a calendar month, interest for the month in which such change or changes are made shall be calculated on a per diem basis with the various interest rates in effect for that month.

(c)    Notwithstanding anything to the contrary contained herein, the effective rate of interest hereunder shall not exceed the maximum effective rate of interest permitted by applicable law or regulation. Borrower hereby agrees to give Lender written notice in the event

Borrower has actual knowledge that any interest payment made to Lender with respect to this Note will cause the total interest payments collected in any one year to be usurious under applicable law, and Lender hereby agrees not to collect knowingly any interest from Borrower in the form of fees or otherwise which will render the Loan usurious. In the event that such interest would be usurious in Lender's opinion, Lender reserves the right to reduce the interest payable by Borrower. This provision shall survive the repayment of this Note.

(d)    The annual interest rate shall be calculated on the basis of 360 day years and the actual number of days elapsed.

2.    **Payments of Principal and Interest.**

(a)    At the closing of the Loan evidenced hereunder, Borrower shall pay interest on the outstanding principal balance from the date hereof to October 1, 2017.

(b)    Commencing on November 1, 2017, and continuing on the first day of each successive calendar month, Borrower shall make monthly installments of interest as accrued on the unpaid principal balance due hereunder, calculated in accordance with the provisions of paragraph 1(a) above.

(c)    Unless due earlier by virtue of an Event of Default, the entire unpaid principal sum then outstanding, together with all accrued and unpaid interest and other charges, shall become due and payable, without further demand on the third year anniversary date of this Note ("Maturity Date").

(d)    In the event the Loan evidenced hereunder is not paid in full on or before the Maturity Date, Borrower shall pay an additional fee in the amount of five (5%) percent of the then outstanding balance of the Loan, which fee shall be due and payable on the first business day immediately following the Maturity Date. The amount of any such fee not paid when due shall be deemed outstanding and payable pursuant to this Note.

3.    **Prepayments.**  Borrower may make a prepayment at any time without the imposition of penalty or premium. Any prepayment shall be applied first to any accrued and

unpaid interest hereunder to the date of such prepayment, then to any other sums which may be payable to Lender under the Loan Documents (as hereinafter defined) up to the date of such prepayment and then to the principal sum hereunder. The acceptance of any such prepayment when there is an Event of Default in existence hereunder shall not constitute a waiver, release or accord and satisfaction thereof or of any rights with respect thereto by Lender.

4. **Collateral and Loan Documents.** This Note, and the due performance by Borrower of all of its obligations hereunder, is evidenced and secured by: (a) an Open-End Mortgage and Security Agreement, (b) a Loan Agreement, and (c) all collateral documents pursuant thereto or hereto, including, but not limited to, instruments of pledge, mortgage, assignment, transfer or delivery, as well as any and all related agreements, instruments and public filings which are referred to collectively as the "Loan Documents". Any collateral securing any of Borrower's obligations under any of the Loan Documents are hereinafter referred to collectively as the "Collateral".

5. **Late Charge.** In the event that any payment of principal or interest due to Lender hereunder shall not be paid within ten (10) calendar days after the due date or if any check is returned, in addition to and not in limitation of any other rights or remedies which Lender may have in respect thereof under any of the Loan Documents or in respect of any Collateral, Borrower shall pay Lender on demand a "late charge" computed at the rate of five cents ($.05) for each dollar (or part thereof) of the amount not paid, to cover the extra expense and inconvenience to Lender ensuring payment of such delinquent amount. Borrower acknowledges that its failure to pay any amount due hereunder promptly within ten (10) calendar days when due will result in Lender incurring additional expense in servicing the loan evidenced by this Note, the loss of the use of the money due and frustration to Lender in meeting their loan commitments, that the damages to Lender in connection with such late payment are extremely difficult and impractical to ascertain, and that a sum equal to five cents ($.05) for each dollar which is not paid when due is a reasonable estimate of the damages incurred by Lender in

connection with any such late payment. The amount of any such "late charge" not paid promptly following demand therefor shall be deemed outstanding and payable pursuant to this Note.

6. **Events of Default.** The occurrence of any one or more of the Events of Default set forth in the Loan Agreement subject to the expiration of any applicable notice and cure period, shall constitute an Event of Default hereunder.

7. **Remedies.** Upon the occurrence of any Event of Default following the expiration of any applicable notice and cure period, the entire unpaid principal sum hereunder plus all interest accrued thereon plus all other sums due and payable to Lender under the Loan Documents shall, at the option of Lender, become due and payable immediately without presentment, demand, notice of nonpayment, protest, notice of protest or other notice of dishonor, all of which are hereby expressly waived by Borrower unless and except to the extent any such notice is specifically provided for herein.

In addition to the foregoing, upon the occurrence of any Event of Default, Lender may forthwith exercise singly, concurrently, successively or otherwise any and all rights and remedies available to Lender under any of the Loan Documents or with respect to any Collateral, or available to Lender by law, equity, statute or otherwise.

8. **Remedies Cumulative, etc.**

(a) No right or remedy conferred upon or reserved to Lender under any of the Loan Documents, or with respect to any Collateral, now or hereafter existing at law or in equity or by statute or other legislative enactment, is intended to be exclusive of any other right or remedy, and each and every such right or remedy shall be cumulative and concurrent, and shall be in addition to every other such right or remedy, and may be pursued singly, concurrently, successively or otherwise, at the sole discretion of Lender, and shall not be exhausted by any one exercise thereof but may be exercised as often as occasion therefore shall occur. No act of Lender shall be deemed or construed as an election to proceed under any one such right or remedy to the exclusion of any other such right or remedy; furthermore, each such right or

remedy of Lender shall be separate, distinct and cumulative and none shall be given effect to the exclusion of any other. The failure to exercise or delay in exercising any such right or remedy, or the failure to insist upon strict performance of any term of any of the Loan Documents, shall not be construed as a waiver or release of the same, or of any Event of Default thereunder, or of any obligation or liability of Borrower thereunder.

(b) The recovery of any judgment by Lender and/or the levy of execution under any judgment upon any Collateral shall not affect in any manner or to any extent the security interest under the Security Agreement/Loan Documents *(use Loan Documents if no Security Agreement)* in such Collateral, or any rights, remedies or powers of Lender under any of the Loan Documents or with respect to any Collateral, but such lien and such security interest, and such rights, remedies and power of Lender shall continue unimpaired as before. Further, the exercise by Lender of its rights and remedies and the entry of any judgment by Lender shall not affect in any way the interest rate payable hereunder or under any of the other Loan Documents or any amounts due to Lender but interest shall continue to accrue on such amounts at the Default Rate (as hereinafter defined).

(c) Unless and except to the extent notice is specifically provided for herein, Borrower hereby waives presentment, demand, notice of nonpayment, protest, notice of protest or other notice of dishonor, and any and all other notices in connection with any default in the payment of, or any enforcement of the payment of, all amounts due under the Loan Documents. To the extent permitted by law, Borrower waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. Borrower further waives and releases all procedural errors, defects and imperfections in any proceedings instituted by Lender under the terms of any Loan Document or with respect to any Collateral.

(d) Borrower agrees that Lender may release, compromise, forbear with respect to, waive, suspend, extend or renew any of the terms of the Loan Documents (and Borrower hereby waives any notice of any of the foregoing), and that the Loan Documents may

{Client Files/005696/00106/01078673.DOCX;1}                 5

be amended, supplemented or modified by Lender and the other signatory parties and that Lender may resort to any Collateral in such order and manner as it may think fit, or accept the assignment, substitution, exchange, pledge, or release of all or any portion of any Collateral, for such consideration, or none, as it may require, without in any way affecting the validity of any liens over or other security interest in the remainder of any such Collateral (or the priority thereof or the position of any subordinate holder of any lien or other security interest with respect thereto); and any action taken by Lender pursuant to the foregoing shall in no way be construed as a waiver or release of any right or remedy of Lender, or of any Event of Default, or of any liability or obligation of the Borrower, under any of the Loan Documents.

(e)     Borrower agrees that any action or proceeding against it to enforce this Note may be commenced in state or federal court or in any county in the Commonwealth of Pennsylvania in which Lender or subsequent note holder has an office, and Borrower waives personal service of process and agrees that a summons and complaint commencing an action or proceeding in any such court shall be properly served if served by registered or certified mail in accordance with the notice provisions set forth herein and Borrower expressly waives any and all defenses to an exercise of personal jurisdiction by any such court.

9.    **Default Rate.**  Following the occurrence of any event of default and continuing either until such event of default is cured and that fact acknowledged by the Lender or until the principal sum then outstanding hereunder and all other sums payable under the Loan Documents are paid in full, the principal sum outstanding hereunder shall bear interest at the interest rate calculated as set forth in accordance with Paragraph 1(a) hereof plus five (5%) percent per annum ("Default Rate") and shall be secured by the Collateral. Borrower acknowledges that: (i) such additional rate is a material inducement to Lender to make the Loan; (ii) Lender would not have made the Loan in the absence of the agreement of the Borrower to pay such additional rate; (iii) such additional rate represents compensation for increased risk to Lender that the Loan will not be repaid; and (iv) such rate is not a penalty and represents a reasonable estimate of (a) the

cost to Lender in allocating its resources (both personnel and financial) to the on-going review, monitoring, administration and collection of the Loan and (b) compensation to Lender for losses that are difficult to ascertain.

**10.** **Costs and Expenses.** Borrower shall pay upon demand all reasonable costs and expenses (including all reasonable amounts paid to attorneys, accountants, real estate brokers and other advisors employed by Lender) incurred by Lender in the exercise of any of its rights, remedies or powers under any of the Loan Documents or with respect to any Collateral with respect to such Event of Default (including, but not limited to, such sums incurred by Lender after Borrower has filed a Petition in Bankruptcy), and any amount thereof not paid promptly following demand therefor shall be added to the principal sum hereunder and shall bear interest at the Default Rate from the date of such demand until paid in full, and shall be secured by the Collateral. In connection with, and as part of the foregoing, in the event that any of the Loan Documents is placed in the hands of an attorney for the collection of any sum payable thereunder, Borrower agrees to pay reasonable attorneys' fees for the collection of the amount being claimed under the Loan Document, as well as all costs, disbursements and allowances provided by law, the payment of which sums shall be secured by the Collateral. Attorneys' fees may be collectible from the Collateral to the extent permitted under the Bankruptcy Code (11 U.S.C. 101, et seq., as amended), or other law. Nothing in this paragraph 10 shall limit the obligation of Borrower to pay any and all costs and expenses for which Borrower is otherwise liable under any of the Loan Documents. Further, the exercise by Lender of its rights and remedies and the entry of any judgment by Lender shall not affect in any way the obligation of the Borrower to pay any and all costs and legal fees which may become due after the entry of any judgment. Such costs and fees, inclusive of the costs to preserve the Collateral, shall continue to accrue after the entry of any judgment, whether by confession, default or otherwise until the Lender is paid in full.

11.  **Severability.** In the event that for any reason one or more of the provisions of this Note or their application to any person or circumstance shall be held to be invalid, illegal or unenforceable in any respect or to any extent, such provisions shall nevertheless remain valid, legal and enforceable in all such other respects and to such extent as may be permissible. In addition, any such invalidity, illegality or unenforceability shall not affect any other provisions of this Note, but this Note shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

12.  **Successors and Assigns.** This Note inures to the benefit of Lender and binds Borrower, and their respective successors and assigns, and the words "Lender" and "Borrower" whenever occurring herein shall be deemed and construed to include such respective successors and assigns.

13.  **Notices.** All notices required to be given to any of the parties hereunder shall be given in accordance with the Loan Agreement.

14.  **Definitions; Number and Gender.** In the event Borrower consists of more than one person or entity, the obligations and liabilities hereunder of each such persons and entities shall be joint and several and the word "Borrower" shall mean all or some or any of them. For purposes of this Note, the singular shall be deemed to include the plural and the neuter shall be deemed to include the masculine and feminine, as the context may require. The references herein to the Loan Documents or any one of them shall include any supplements to or any amendments of or restatements of such Loan Documents or any one of them.

15.  **Incorporation by Reference.** All of the terms and provisions of the Loan Documents, to the extent not inconsistent herewith, are hereby incorporated herein by reference.

16.  **Captions.** The captions or headings of the paragraphs in this Note are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Note.

17. <u>Governing Law.</u> This Note shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania.

18. <u>**CONFESSION OF JUDGMENT.**</u> BORROWER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF RECORD, OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA OR ELSEWHERE, TO APPEAR FOR BORROWER AT ANY TIME OR TIMES, AFTER THE OCCURRENCE OF AN EVENT OF DEFAULT AND EXPIRATION OF ANY APPLICABLE CURE PERIODS WITH RESPECT THERETO UNDER ANY OF THE LOAN DOCUMENTS, IN ANY SUCH COURT IN ANY ACTION BROUGHT AGAINST BORROWER BY LENDER WITH RESPECT TO THE AGGREGATE AMOUNTS PAYABLE UNDER THE LOAN DOCUMENTS, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM, AND THEREIN TO CONFESS OR ENTER JUDGMENT AGAINST BORROWER FOR ALL SUMS PAYABLE BY BORROWER TO LENDER UNDER THE LOAN DOCUMENTS, AS EVIDENCED BY AN AFFIDAVIT SIGNED BY A DULY AUTHORIZED DESIGNEE OF LENDER SETTING FORTH SUCH AMOUNT THEN DUE FROM BORROWER TO LENDER, WITH COSTS OF SUIT, PLUS ATTORNEY'S COMMISSION EQUAL TO FIFTEEN (15%) PERCENT OF THE AGGREGATE OF SUCH SUMS, AND BORROWER ACKNOWLEDGES THAT ATTORNEYS' FEES ARE STATED TO BE FIFTEEN (15%) PERCENT SOLELY FOR PURPOSES OF FIXING A SUM CERTAIN FOR WHICH JUDGMENT CAN BE ENTERED BY CONFESSION AND AGREES THAT IN ENFORCING ANY SUCH JUDGMENT, LENDER SHALL NOT DEMAND, SOLELY WITH RESPECT TO ATTORNEY'S FEES INCURRED BY LENDER IN CONNECTION WITH SUCH INDEBTEDNESS AFTER SUCH JUDGMENT IS RENDERED, ANY AMOUNTS IN EXCESS OF THE ACTUAL AMOUNT OF REASONABLE ATTORNEYS' FEES CHARGED OR BILLED TO LENDER (WHICH ATTORNEYS' FEES SHALL BE CHARGED OR BILLED TO THE LENDER AT THE

STANDARD HOURLY RATES), WITH RELEASE OF PROCEDURAL ERRORS AND WITHOUT RIGHT OF APPEAL. IF A COPY OF THIS NOTE, VERIFIED BY AN AFFIDAVIT SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL AS A WARRANT OF ATTORNEY. BORROWER WAIVES THE RIGHT TO ANY STAY OF EXECUTION AND THE BENEFIT OF ALL EXEMPTION LAWS NOW OR HEREAFTER IN EFFECT. NO SINGLE EXERCISE OF THE FOREGOING WARRANT AND POWER TO BRING ANY ACTION OR CONFESS JUDGMENT THEREIN SHALL BE DEEMED TO EXHAUST THE POWER, BUT THE POWER SHALL CONTINUE UNDIMINISHED AND MAY BE EXERCISED FROM TIME TO TIME AS OFTEN AS LENDER SHALL ELECT UNTIL ALL AMOUNTS PAYABLE TO LENDER UNDER THE LOAN DOCUMENTS SHALL HAVE BEEN PAID IN FULL.

BORROWER ACKNOWLEDGES AND AGREES THAT (A) THE FOREGOING WARRANT OF ATTORNEY TO CONFESS JUDGMENT IS BEING EXECUTED IN CONNECTION WITH A COMMERCIAL TRANSACTION, (B) LENDER'S CONFESSION OF JUDGMENT FOLLOWING AN EVENT OF DEFAULT AND IN ACCORDANCE WITH THE FOREGOING WARRANT OF ATTORNEY WOULD BE IN ACCORDANCE WITH BORROWER'S REASONABLE EXPECTATIONS, AND (C) LENDER DOES NOT AND, IN REGARD TO THE LOAN OR THE LOAN DOCUMENTS, SHALL NOT HAVE ANY OF THE DUTIES TO BORROWER SET FORTH IN 20 PA.C.S.A. §5601.3(B).

19. **Waiver of Right to Jury Trial.** BORROWER AND LENDER EACH KNOWINGLY AND WITH FULL CONSENT, DOES HEREBY WAIVE AND RELEASE ALL RIGHTS TO A JURY TRIAL.

20. **Damages.** BORROWER AND LENDER EACH AGREES THAT IN ANY ACTION, SUIT OR PROCEEDING, AND IN RESPECT OF OR ARISING OUT OF THIS NOTE, OR ANY DOCUMENT RELATING TO THIS LOAN TRANSACTION, BORROWER

AND LENDER EACH WAIVES TO THE FULLEST EXTENT PERMITTED BY LAW, ANY CLAIM FOR CONSEQUENTIAL, PUNITIVE OR SPECIAL DAMAGES.

21. **Waiver of Automatic Stay.** IN THE EVENT THAT A PROCEEDING UNDER ANY BANKRUPTCY OR INSOLVENCY LAW IS COMMENCED BY OR AGAINST BORROWER AND AN ORDER FOR RELIEF IS ENTERED AS A RESULT OF SUCH PETITION, BORROWER HEREBY CONSENTS TO RELIEF FROM THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. §362 TO ALLOW LENDER TO EXERCISE ITS RIGHTS AND REMEDIES HEREUNDER WITH RESPECT TO THE BORROWER'S PROPERTY.

22. **Representation by Counsel.** BORROWER ACKNOWLEDGES THAT BORROWER HAS BEEN ADVISED OF BORROWER'S RIGHT TO BE REPRESENTED BY COUNSEL OF BORROWER'S OWN CHOICE AND KNOWINGLY AND VOLUNTARILY GRANTED TO LENDER THE RIGHTS SET FORTH HEREIN, INCLUDING, BUT NOT LIMITED TO, THE RIGHTS SET FORTH IN PARAGRAPHS 18, 19, 20, AND 21 HEREOF.

23. **Right of Setoff.** BORROWER HEREBY GRANTS TO LENDER A LIEN, SECURITY INTEREST AND A RIGHT OF SETOFF AS SECURITY FOR ALL LIABILITIES AND OBLIGATIONS TO LENDER, WHETHER NOW EXISTING OR HEREAFTER ARISING, UPON AND AGAINST ALL DEPOSITS (INCLUDING ESCROW ACCOUNTS), CREDITS, COLLATERAL AND PROPERTY, NOW OR HEREAFTER IN THE POSSESSION, CUSTODY, SAFEKEEPING OR CONTROL OF LENDER OR ANY ENTITY UNDER THE CONTROL OF LENDER, OR IN TRANSIT TO ANY OF THEM. AT ANY TIME, WITHOUT DEMAND OR NOTICE, LENDER MAY SET OFF THE SAME OR ANY PART THEREOF AND APPLY THE SAME TO ANY LIABILITY OR OBLIGATION OF BORROWER EVEN THOUGH UNMATURED AND REGARDLESS OF THE ADEQUACY OF ANY OTHER COLLATERAL SECURING THIS NOTE. ANY AND ALL RIGHTS TO REQUIRE LENDER TO EXERCISE ITS RIGHTS OR REMEDIES WITH RESPECT TO

ANY OTHER COLLATERAL WHICH SECURES THIS NOTE PRIOR TO EXERCISING ITS RIGHT OF SETOFF WITH RESPECT TO SUCH DEPOSITS, CREDITS OR OTHER PROPERTY OF THE BORROWER, ARE HEREBY KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVED. LENDER SHALL NOT BE REQUIRED TO MARSHAL ANY PRESENT OR FUTURE SECURITY FOR, OR GUARANTEES OF, THE OBLIGATIONS OR TO RESORT TO ANY SUCH SECURITY OR GUARANTEE IN ANY PARTICULAR ORDER AND THE BORROWER WAIVES, TO THE FULLEST EXTENT THAT IT LAWFULLY CAN, (a) ANY RIGHT IT MIGHT HAVE TO REQUIRE THE LENDER TO PURSUE ANY PARTICULAR REMEDY BEFORE PROCEEDING AGAINST BORROWER AND (b) ANY RIGHT TO THE BENEFIT OF, OR TO DIRECT THE APPLICATION OF THE PROCEEDS OF ANY COLLATERAL UNTIL THE NOTE IS PAID IN FULL.

**24.** **Cross-Default and Cross-Collateralization.** This loan shall be cross-defaulted and cross-collateralized with all other loans from Lender to Borrower, whether now existing or entered into at a later date.

**25.** **Returned Checks.** If a check from Borrower is returned by a financial institution for any reason whatsoever, Borrower shall pay to Lender a Fifty ($50.00) Dollar charge, plus all bank fees incurred by Lender.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK – SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, Borrower has set their hands and seals to this Note the day and year first above written.

BORROWER:

_____   _____ (SEAL)
Witness                                ASHRAFUL ISLAM

_____   _____ (SEAL)
Witness                                DILRUBA ISLAM

## ACKNOWLEDGMENTS

COMMONWEALTH OF PENNSYLVANIA   :
                                                             : SS.
COUNTY OF MONTGOMERY   :

On this, the 19th day of September, 2017, before me, the undersigned officer, personally appeared **ASHRAFUL ISLAM and DILRUBA ISLAM**, known to be or satisfactorily proven to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA

Notarial Seal
Michael Jay Higgins, Notary Public
Horsham Twp., Montgomery County
My Commission Expires Oct. 9, 2017