# EXHIBIT "D"




**RECORDER OF DEEDS
MONTGOMERY COUNTY**
*Jeanne Sorg*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**DEED BK 6062 PG 00699 to 00706**
INSTRUMENT # : 2017070954
RECORDED DATE: 09/21/2017 12:35:39 PM



3517759-0019/

**MONTGOMERY COUNTY ROD**

## OFFICIAL RECORDING COVER PAGE
Page 1 of 8

| | | | |
|---|---|---|---|
| **Document Type:** | Deed Miscellaneous | **Transaction #:** | 3632522 - 2 Doc(s) |
| **Document Date:** | 09/19/2017 | **Document Page Count:** | 7 |
| **Reference Info:** | | **Operator Id:** | estaglia |

| | |
|---|---|
| **RETURN TO:** (Simplifile)<br>Elkins Park Abstract Company<br>721 Dresher Road<br>Horsham, PA 19044<br>(215) 830-1100 | **PAID BY:**<br>ELKINS PARK ABSTRACT COMPANY |

**\* PROPERTY DATA:**
| | |
|---|---|
| Parcel ID #: | 11-00-09548-00-8 |
| Address: | 409 W MAIN ST<br><br>LANSDALE  PA<br>19446 |
| Municipality: | Lansdale Borough (100%) |
| School District: | North Penn |

**\* ASSOCIATED DOCUMENT(S):**

| | | |
|---|---|---|
| **FEES / TAXES:** | | DEED BK 6062 PG 00699 to 00706 |
| Recording Fee:Deed Miscellaneous | $69.00 | Recorded Date: 09/21/2017 12:35:39 PM |
| Additional Pages Fee | $6.00 | |
| **Total:** | **$75.00** | I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania. |



Jeanne Sorg
Recorder of Deeds

Rev1 2016-01-29

# PLEASE DO NOT DETACH
THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT
NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION

| Prepared by: | Friedman, Schuman, P.C.<br>101 Greenwood Avenue, Fifth Floor<br>Jenkintown, PA 19046<br>(215) 635-7200 | MONTGOMERY COUNTY COMMISSIONERS REGISTRY<br>11-00-09548-00-8  LANSDALE BOROUGH<br>409 W MAIN ST<br>ISLAM ASHRAFUL & DILRUBA  $15.00<br>B 080  L 2  U 016  4100 09/21/2017  MY |
|---|---|---|
| Return to: | Friedman, Schuman, P.C.<br>101 Greenwood Avenue, Fifth Floor<br>Jenkintown, PA 19046<br>(215) 635-7200 | |

Parcel ID No.:   11-00-09548-00-8

## ASSIGNMENT OF LEASES AND RENTS

KNOW ALL MEN BY THESE PRESENTS, that **ASHRAFUL ISLAM and DILRUBA ISLAM**, husband and wife, (hereinafter referred to as "Assignor"), with an address at 1611 Clearview Road, Lansdale, PA 19446, in consideration of One Dollar ($1.00) paid by **EXCEL FINANCIAL CORP.**, with offices at 455 Pennsylvania Avenue, Suite 2LF, Fort Washington, PA 19034 (hereinafter referred to as "Assignee"), hereby conveys, transfers and assigns unto Assignee, its successors and assigns, all the rights, interest and privileges, (a) which Assignor as lessor has and may have in any leases now existing or hereafter made and affecting the real property described in **Exhibit "A"** attached hereto, commonly known as 407-409 W. Main Street, Lansdale, PA 19446 (the "Property"), or any part thereof, as such leases may have been, or may from time to time be hereafter, modified, extended and renewed, with all rents, income and profits due and becoming due therefrom, and (b) which Assignor has and may have by virtue of any guaranty or surety agreement with respect to the tenant's obligations under any of such leases, as such guaranties or surety agreements may have been, or may from time to time be hereafter, modified and extended. Assignor will, on request of Assignee, execute assignments of any future leases affecting any part of such real property and assignments of any guaranties or surety agreements made in connection therewith.

1. This Assignment is made as security for: (a) the full, timely and faithful payment of all indebtedness evidenced by, and performance of all obligations of Assignor under the Note to Assignee in the original principal sum of One Hundred Sixty Thousand Dollars of even date herewith (the "Note"); (b) other collateral documents in connection with the foregoing, including an Open-End Mortgage and Security Agreement (the "Mortgage") from Assignor to Assignee of even date herewith secured by certain parcels of real property (the "Land"); and (c) such other obligations between the Assignor and Assignee as exists on the date hereof or as may hereinafter arise. The Note, Mortgage and other collateral documents, as amended, are hereinafter sometimes collectively referred to as the "Loan Documents."

2. The acceptance of this Assignment and the collection of rents or the payments under the leases or any sums under any guaranties or surety agreements hereby assigned shall not constitute a waiver of any rights of Assignee under the terms of such Note. It is expressly understood and agreed by the parties hereto that before default occurs under the terms of such Note, Assignor shall have the right to collect such rents, income and profits from the aforementioned leases, guaranties and surety agreements and to retain, use and enjoy the same,

in trust to be applied first to payment of (a) real estate taxes and assessments upon the Property; (b) cost of maintaining the insurance policies on the Property required under the Mortgage; (c) maintenance and repair of the Property; and (d) the payment of all sums becoming due and payable under the Note and Mortgage, before Assignor may use any portion of the rents, income or profits for any other purpose; provided, however, that even before default occurs no rents more than one (1) month in advance shall be collected or accepted without the prior written consent of Assignee.

3.    Anything to the contrary notwithstanding, Assignor hereby assigns to Assignee any award made hereafter to it in any court procedure involving any of the lessees in any bankruptcy, insolvency, or reorganization proceedings in any State or Federal court, and any and all payments made by lessees in lieu of rent. Assignor hereby appoints Assignee as its irrevocable attorney-in-fact to appear in any action and/or to collect any such award or payment. Assignor acknowledges and agrees that (a) the foregoing powers are being executed in connection with a commercial transaction, (b) Assignee's exercise of such powers would be in accordance with Assignor's reasonable expectations, and (c) Assignee does not and, in regards to the Loan or the Loan Documents, shall not have any of the duties to Assignor set forth in 20 Pa. C.S.A. §5601.3(b), and the same are hereby irrevocably waived by Assignor.

4.    Assignor, in the event of default in the performance of any of the terms and conditions of such Note and Mortgage, beyond any applicable cure or grace period, hereby authorizes Assignee, at its option, to enter and take possession of the Property and to manage and operate the same, to collect all or any rents, income or profits accruing therefrom and from such leases, to collect all or any sums due or becoming due under such guaranties and surety agreements, to let or re-let the Property or any part thereof, to cancel and modify leases, guaranties and surety agreements, evict tenants, bring or defend any suits in connection with the possession of the Property in its own name or Assignor's name, make repairs as Assignee deems appropriate, and perform such other acts in connection with the management and operation of the Property as Assignee, in its sole discretion, may deem proper.

5.    The receipt by Assignee of any rents, income or profits pursuant to this instrument after the institution of foreclosure or sale proceedings under the Mortgage shall not cure such default or affect such proceedings or any sale pursuant thereto.

6.    Assignee shall not be obligated to perform or discharge any obligation or duty to be performed or discharged by Assignor under any of such leases, and Assignor hereby agrees to indemnify Assignee for, and to save it harmless from, any and all liability arising from any of such leases, guaranties, surety agreements or from this Assignment, and this Assignment shall not place responsibility for the control, care, management or repair of the Property upon Assignee, or make Assignee responsible or liable for any negligence in the management, operation, upkeep, repair or control of the Property resulting in loss or injury or death to any tenant, licensee, employee or other person.

7.    Assignor covenants and represents that: (a) it has title to, and full right to assign such leases, guaranties, surety agreements and the rents, income and profits due or to become due thereunder; (b) to the best of its knowledge, the terms of such leases, guaranties and surety agreements have not been changed from the terms in the copies of such leases, guaranties and

surety agreements submitted to Assignee for approval; (c) to the best of its knowledge, no other assignment of any interest therein has been made, except as set forth herein or in the Mortgage; (d) to the best of its knowledge, there are no existing defaults under the provisions thereof and none of such leases have been canceled; (e) it has not collected any of the rents, income and profits for a period of more than one (1) month in advance, and it shall not discount or compromise any of such rents, income or profits to become due; and (f) it will not hereafter cancel, surrender or terminate any of such leases, guaranties and surety agreements, exercise any option which might lead to such termination, or change, alter or modify them, or consent to the release of any party liable thereunder or to the assignment of the lessees' interest under such leases or guaranties or surety agreements without the prior written consent of Assignee, and with respect to modification of leases, such consent shall not be unreasonably withheld or delayed.

8. Assignor hereby authorizes Assignee to give notice in writing of this assignment at any time to any tenant under any of such leases and to any guarantor of such leases. Assignor hereby consents to any such tenant or guarantor paying all rent, income and profits to Assignee following receipt by such tenant or guarantor of a notice from Assignee that Assignor is in default under the Note, Mortgage or this Assignment, and Assignor waives any right to demand from any such tenant or guarantor, payment to Assignor of such rent, income or profits after Assignee has sent any such notice to such tenant or guarantor.

9. Violation of any of the covenants, representations and provisions contained herein by Assignor shall be deemed an Event of Default under the terms hereof and of the Note and Mortgage.

10. Default by Assignor under any of the terms of the leases assigned herein, beyond any applicable cure or grace period, shall be deemed a default under the terms hereof and of the Note and Mortgage. Any expenditures made by Assignee in curing such a default on Assignor's behalf, with interest thereon at the rate payable upon default under the Note, shall become part of the debt secured by this Assignment and the Mortgage.

11. The full performance of the Mortgage and the duly recorded satisfaction or release of the Property described therein shall render this Assignment automatically void with respect to the Property or portion thereof described in any such satisfaction or release.

12. The net proceeds collected by Assignee, after reimbursement of expenses incurred by Assignee, under the terms of this instrument shall be applied in reduction of the entire indebtedness from time to time outstanding and secured by the Mortgage.

13. The term "lease" shall mean and refer to any lease of all or any portion of the Property as well as any sublease of all or any portion of the Property, and any license, concession or other agreement with respect to the use, occupancy or utilization of all or any portion of the Property. The term "rent" shall mean and refer to all rent, license fees or charges, concession fees or charges, and all other payments of any kind (including, without limitation, security deposits, to the extent that they may be lawfully assigned, and all payments made on account of operating expenses and real estate taxes and other similar items, whether categorized as rent, additional rent or otherwise) with respect to the use, occupancy or utilization of all or any portion of the Property.

14. The Assignment applies to and binds the parties hereto and their respective heirs, administrators, executors, successors and assigns, as well as any subsequent owner of the Property described herein and any assignee of the Mortgage referred to herein.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK – SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, the Assignor hereto has caused this Assignment of Leases and Rents to be executed this 19th day of September, 2017.

**ASSIGNOR:**

_____    _____ (SEAL)
Witness                                              ASHRAFUL ISLAM

_____    _____ (SEAL)
Witness                                              DILRUBA ISLAM

{Client Files/005696/00106/01078664.DOCX;1}            [Signature Page to Assignment of Leases and Rents]

## ACKNOWLEDGMENTS

COMMONWEALTH OF PENNSYLVANIA      :
                                  : SS.
COUNTY OF MONTGOMERY              :

On the 19th day of September, 2017, before me, the undersigned officer, personally appeared Ashraful Islam, known to be or satisfactorily proven to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

```
COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Michael Jay Higgins, Notary Public
Horsham Twp., Montgomery County
My Commission Expires Oct. 9, 2017
```

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA      :
                                  : SS.
COUNTY OF MONTGOMERY              :

On the 19th day of September, 2017, before me, the undersigned officer, personally appeared Dilruba Islam, known to be or satisfactorily proven to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

```
COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Michael Jay Higgins, Notary Public
Horsham Twp., Montgomery County
My Commission Expires Oct. 9, 2017
```

_____
Notary Public

{Client Files/005696/00106/01078664.DOCX;1}

## Description and Recital

ALL THAT CERTAIN lot or piece of land with the buildings and improvements thereon erected, Situate in the Borough of Lansdale, County of Montgomery and Commonwealth of Pennsylvania, bounded and described as follows:

BEGINNING at an iron pin on the Northeasterly side of Main Street (fifty-six feet wide) at the distance of fifty-seven feet Northwestwardly from the Northwest side of Wood Street; extending thence along the said Northeast side of Main Street, Northeastwardly forty-three feet to land now or formerly of Samuel L. Swartley; thence along said land of now or formerly Samuel K. Swartley, Northeastwardly one hundred seventy-two feet to the Southwest side of Second Street, known as Mill Alley ; thence along said Southwest side of Second Street; Southeastwardly forty-three feet to a stake a corer of land now or late of Cynthia Brady; thence by said land now or late of Cynthia Brady; Southwestwardly one hundred seventy-two feet to the said Northeast side of Main Street, the first above mentioned point and place of beginning.

BEING 409 W. Main Street.

Tax ID / Parcel No. 11-00-09548-00-8

Being the same premises which Dilip Patel and Naishadh, co-partners by Deed dated 5-2-1996 and recorded 5-10-1996 in Montgomery County in Deed Book 5147 Page 1440 conveyed unto Ashraful Islam and Dilruba Islam, husband and wife, in fee.

EXHIBIT "A"