**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE | : | Chapter 13 |
| | : | |
| DILRUBA ISLAM, | : | |
| | : | Bankruptcy No. 22-11061 |
| DEBTOR. | : | |

**ORDER**

AND NOW, this 15th day of February 2024, upon consideration of the "Motion to Reopen Chapter 13 Case to Issue Amended Order" ("Motion to Reopen") filed by Excel Financial Corp. ("Excel") and the response in opposition ("Response") filed by Ashraful Islam ("Mr. Islam"), the Court hereby finds as follows:

1. By way of background, on September 19, 2017, Excel executed a loan agreement with Mr. Islam and his wife, Dilruba Islam ("Debtor"), in the principal amount of $160,000 ("Excel Loan"). Case No. 22-11061 ECF 61 Tr. Ex. M-01. The Excel Loan is evidenced by a mortgage note dated September 19, 2017 in the original principal amount of $160,000 from the Debtor and Mr. Islam ("Mortgage Note"). *Id.* at Ex. M-02. The Excel Loan is secured by a mortgage ("Excel Mortgage") executed by Debtor and Mr. Islam on September 19, 2017 against real property located at 407-409 W. Main Street, Lansdale, PA ("Lansdale Property") and by an assignment of rents and leases for the Lansdale Property executed by Debtor and Mr. Islam on September 19, 2017. *Id.* at Ex. M-03, M-04.

2. On February 7, 2020, judgment was entered in the Court of Common Pleas of Montgomery County in favor of Excel and against Debtor and Mr. Islam jointly and

1

severally in the amount of $188,518.21 plus interest from January 31, 2020 at the per diem rate of $61.63 ("Excel Judgment").[1] *Id.* at Ex. M-06.

3. In August 2020, execution was issued on the Excel Judgment against the Lansdale Property and against other real property owned by Debtor and Mr. Islam located at 404 Doylestown Pike, Montgomeryville, PA ("Montgomeryville Property," collectively with Lansdale Property, "Properties"), and a sheriff's sale of the Properties was scheduled for January 27, 2021. *Id.* at 19:17-22; ECF 14 Mot. for Relief from Stay ¶ 14.

4. In September 2020, the Montgomeryville Property was sold at a Montgomery County tax upset sale.[2] Case No. 22-11061 ECF 61 Tr. 20:2-6.

5. On January 26, 2021, the day before the sheriff's sale of the Properties scheduled by Excel, Mr. Islam filed a voluntary petition under Chapter 13 of the Bankruptcy Code.[3] Case No. 21-10190 ECF 1.

6. During that bankruptcy, the Court entered an order on April 5, 2022 granting Excel relief from the automatic stay. *Id.* at ECF 114.

7. On April 14, 2022, Mr. Islam filed a motion to voluntarily dismiss the bankruptcy case under 11 U.S.C. § 1307. *Id.* at ECF 117. An order was entered dismissing the case on April 18, 2022. *Id.* at ECF 118.

8. The Properties were scheduled to be sold at a sheriff's sale on account of the Excel Judgment on April 27, 2022. Case No. 22-11061 ECF 61 Tr. 24:17-23.

---

[1] Absent the Excel Judgment the Excel Loan would have matured in September 2020. *See* Case No. 22-11061 ECF 61 Tr. Ex. M-01.
[2] Due to certain particularities of state law not relevant to this proceeding, Excel is still permitted to proceed with its execution on the Excel Judgment against the Montgomeryville Property upon notice to the purchaser of the Montgomeryville Property. Case No. 22-11061 ECF 61 Tr. 37:1-40:3.
[3] Mr. Islam had previously filed a Chapter 13 petition in 2018 which was dismissed on October 3, 2018 for failure to make plan payments. Case No. 18-13518 ECF 34.

9. On April 26, 2022, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code thereby initiating the instant Chapter 13 case. Case No. 22-11061 ECF 1. On May 16, 2022, Excel filed a motion for relief from the automatic stay. *Id.* at ECF 14. Debtor filed her objection on May 31, 2022. *Id.* at ECF 23.

10. On July 28, 2022, Judge Frank held a hearing on Excel's motion for relief from the automatic stay. *Id.* at ECF 45.

11. On July 29, 2022, Judge Frank entered an order ("In Rem Order") providing that:

> …upon consideration of the Motion of Excel Financial Corp. ('Excel') for relief from the automatic stay…(the 'Motion'), and the Debtor's response thereto, and after a hearing, and for the reasons stated in court, it is hereby
>
> ORDERED, pursuant to 11 U.S.C. § 362(d) that the Motion is GRANTED; and it is further
>
> ORDERED, that Excel is hereby authorized to exercise its *in rem* state law rights and remedies with respect to the Main St. Premises [Lansdale Property] and the Doylestown Pike Premises [Montgomeryville Property] (as described in the Motion), including without limitation, the sheriff's sale of the Main St. Premises and the Doylestown Pike Premises; and it is further
>
> ORDERED, that this Order shall survive the conversion of this bankruptcy case and shall be binding upon the Debtor and any trustee presently acting or subsequently appointed in this case, and it is further
>
> ORDERED, that Excel's enforcement of its state law rights and remedies with respect to the Main St. Premises and the Doylestown Pike Premises and any other collateral for the [Excel Loan], including without limitation, the foreclosure and sheriff's sale of the Main St. Premises and the Doylestown Pike Premises, shall not be stayed by any future bankruptcy cases filed by the Debtor or by A. Islam (absent the court granting relief from this Order), provided that Excel complies with requirements of 11 U.S.C. § 362(d)(4).

*Id.* at ECF 46.

3

12. On August 11, 2022, the Debtor filed a notice of appeal of the In Rem Order ("In Rem Order Appeal") with the Untied States District Court for the Eastern District of Pennsylvania ("District Court"). *Id.* at ECF 51.

13. On August 27, 2022, Debtor filed a motion to stay the In Rem Order pending appeal. *Id.* at ECF 60. On August 29, 2022, the Court entered an order denying the Debtor's motion seeking a stay pending appeal of the In Rem Order. *Id.* at ECF 65.

14. On November 3, 2022, the Chapter 13 Trustee filed an amended motion to dismiss the Debtor's Chapter 13 case for unreasonable delay by the Debtor prejudicial to creditors ("Amended Motion to Dismiss"). *Id.* at ECF 91.

15. On November 7, 2022, Debtor and Excel filed a copy of the stipulated dismissal of the In Rem Order Appeal providing that "[t]he Appellant and Appellee in this appeal, by and through their undersigned counsel, hereby stipulate to voluntarily dismiss this appeal pursuant to Federal Rule of Bankruptcy Procedure 8023 with prejudice. Appellant to pay all costs connected with this appeal." *Id.* at ECF 98.

16. On November 29, 2022, the day before a sheriff's sale scheduled for the Properties, Mr. Islam filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code ("Mr. Islam's Bankruptcy"). Case No. 22-13182 ECF 1, ECF 15 Mot. ¶ 33.

17. On December 6, 2022, the Court entered an order granting the Chapter 13 Trustee's Amended Motion to Dismiss, and thereby, dismissing the Debtor's case. Case No. 22-11061 ECF 93.

18. On December 19, 2022, Excel filed a motion for relief from the automatic stay in Mr. Islam's Bankruptcy to proceed with foreclosure sales of the Properties ("Pending Excel

Motion for Relief"). Case No. 22-13182 ECF 15. On January 3, 2023, Mr. Islam filed an objection to the Pending Excel Motion for Relief. *Id.* at ECF 21.

19. On November 9, 2023, the Court issued an order directing Excel to file an affidavit under penalty of perjury "addressing whether [the In Rem Order] entered on July 29, 2022 in the bankruptcy of Dilruba Islam, no. 22-11061…was recorded 'in compliance with applicable State laws governing notices of interests or liens in real property[.]' 11 U.S.C. § 362(d)(4)." *Id.* at ECF 102.

20. On November 29, 2023, Excel filed an affidavit executed by its counsel, Ron Woodman ("Woodman Affidavit"), representing that "I attempted to file [the In Rem Order]… [a]fter several conversations by telephone and in person, the Recorder of Deeds for Montgomery County refused to accept or record the [In Rem Order] because it did not specify the address of the subject properties and the parcel identity numbers of such properties." *Id.* at ECF 104.

21. Subsequently, on January 8, 2024, Excel filed the Motion to Reopen the instant bankruptcy case seeking to have the Debtor's case reopened for the purpose of amending the In Rem Order to include the property addresses and tax parcel numbers. Case No. 22-11061 ECF 100. A notice of rejection from the Montgomery County Recorder of Deeds dated November 29, 2023, the same day that Excel filed the Woodman Affidavit, was attached to the Motion to Reopen, and indicated that it would not accept the In Rem Order for recording because the order did not designate the addresses or parcel numbers of the subject properties.[4] *Id.* at Ex. B. On January 10, 2024, Mr. Islam filed the Response

---

[4] It appears based on the date of the rejection notice that Excel waited to attempt to record the In Rem Order until the Court entered its order inquiring whether the In Rem Order had been recorded. To be clear, the Court simply directed that Excel inform this Court of whether the In Rem Order had been recorded, it did not grant Excel relief from the automatic stay to record the In Rem Order in the event it had not been previously recorded. The Court

5

opposing the Motion to Reopen based upon, *inter alia*, Excel's excessive delay in attempting to record the In Rem Order. *Id.* at ECF 102 Resp. ¶¶ 12, 13, 16.

**22.** Pursuant to § 350,

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

23. In determining whether cause exists to reopen a closed bankruptcy case, courts consider a nonexhaustive list of factors, including: (1) the length of time that the case has been closed; (2) whether any parties would be prejudiced if the case were or were not reopened; (3) the availability of a nonbankruptcy forum to entertain the claim; and (4) whether movant would be entitled to any relief after the case was reopened. *See Reinert v. Vara*, 620 B.R. 536, 543 (W.D. Pa. 2020) (citing *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010)); *In re Frazer/Exton Dev., L.P.*, 503 B.R. 620, 634–35 (Bankr. E.D. Pa. 2013) (citing *In re Janssen*, 396 B.R. 624, 634–35 (Bankr. E.D. Pa. 2008)); *In re Padilla*, 365 B.R. 492, 503 (Bankr. E.D. Pa. 2007)). Of these factors, the timing and prejudice weigh most significantly on the Court's resolution of this motion.

24. When examining the length of time that has passed before bringing a motion to reopen, the more time that has passed, the greater the burden on the movant to demonstrate that reopening is warranted. *In re One2One Communications, LLC*, 627 B.R. 273, 284 (Bankr. N.J. 2021). *See also Redmond v. Fifth Third Bank*, 624 F.3d 793, 799 (7th Cir. 2010). The passage of time weighs heavily against reopening a closed case. *Redmond,* 624 F.3d at 799. Courts within the Third Circuit have refused to reopen bankruptcies

---

observes that attempting to record the In Rem Order during Mr. Islam's bankruptcy may have violated the automatic stay in his case pursuant to § 362(a)(3) and/or (a)(6).

where the creditor waited, without explanation, until long after the case had closed to request this relief. *See In re One2One Communications, LLC*, 627 B.R. at 284. In *One2One Communications*, the creditor moved to reopen a Chapter 13 bankruptcy to allow it to seek derivative standing to pursue a claim on behalf of the estate. *Id.* at 277. The creditor waited 428 days between a district court's remand order and filing a motion to reopen. *Id.* at 284. The court reasoned that the 428-day delay, combined with the creditor's failure to explain this lengthy passage of time, did not meet its burden for showing that cause exists to reopen the bankruptcy case. *Id.* at 284-85.

25. Judge Frank entered the In Rem Order on July 29, 2022. Debtor's bankruptcy was dismissed on December 6, 2022. Excel had a little over four months from when the In Rem Order was entered to attempt to record the order, discover that Montgomery County would not accept it for recording, and seek leave to amend the order prior to the case's closing. Even after the case closed, Excel took no action whatsoever to record the In Rem Order until the Court inquired about its recording in the context of resolving the Pending Motion for Relief in Mr. Islam's Bankruptcy. Excel fails to explain this lengthy passage of time and its failure to attempt to record the In Rem Order during that time. As a result, the Court finds the 16-month delay between the In Rem Order and Excel's filing of the Motion to Reopen excessive, particularly given the lack of explanation for why Excel waited so long to attempt to record the In Rem Order.

26. With respect to whether parties would face undue prejudice from reopening the case or not, here, where Excel had ample opportunity to record the In Rem Order properly, reopening the case would cause meaningful prejudice to the Islams. Reopening the case to allow Excel to attempt to amend the In Rem Order would deprive Mr. Islam from

7

benefitting from the automatic stay in his bankruptcy. By contrast, Excel cannot claim that denying its request to reopen Debtor's case would cause it prejudice when it caused its own prejudice by failing to record the In Rem Order in a timely manner and it had ample opportunity to do so. Additionally, Excel would not be prejudiced in Mr. Islam's Bankruptcy because it can still, and has sought, relief from the stay under § 362(d)(1) and (2).

27. Ultimately, Excel waited 16 months before seeking to reopen the Debtor's case to amend the In Rem Order and only after it became apparent based on the Court's inquiry regarding whether the In Rem Order had been recorded in the Montgomery County Recorder of Deeds that recording it would be advantageous to Excel's motion seeking stay relief in the bankruptcy case of Mr. Islam. That does not amount to "cause" to reopen the Debtor's case. Therefore, the Motion to Reopen is DENIED.[5]

---

[5] To the extent that § 350(b) only applies to fully administered closed cases, not dismissed cases, the result would be the same. Some courts have found that a dismissed case is distinct from a case that has been closed pursuant to § 350(a), and therefore cannot be reopened under § 350(b). *In re Terrace Housing Assocs., Ltd.*, 2023 WL 7030051, at *7 (Bankr. E.D. Pa. Oct. 25, 2023). These courts have instead found that "[w]hen [a party] seeks to reinstate or reopen a dismissed case, in actuality, [the party] is seeking relief from the Order of Dismissal," and construed a motion to reopen as a motion to reconsider or vacate the order dismissing the case. *In re Dorff*, 480 B.R. 919, 921 (Bankr. E.D. Wis. 2012).

Federal Rule of Bankruptcy Procedure 9024 ("Rule 9024") applies to reconsideration of dismissal orders. *In re Dorff*, 480 B.R. at 921. Pursuant to Rule 9024, Federal Rule of Civil Procedure 60 ("Rule 60") applies in cases under the Bankruptcy Code. Rule 60(b) provides that:

> [o]n motion and just terms, the court may relieve a party…from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud…, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged…; or (6) any other reason that justifies relief.

Here, the only provision arguably applicable would be Rule 60(b)(6) (because it had been more than a year since the Debtor's case was dismissed, Excel is precluded from seeking reconsideration under Rule 60(b)(1). Even if Excel were not precluded from seeking relief under Rule 60(b)(1), Excel makes no showing that entry of the dismissal order resulted from mistake, inadvertence, surprise, or excusable neglect.). *See* Fed. R. Civ. P. 60(c)(1). The remedy provided by Rule 60(b)(6) "is intended to be a means for accomplishing justice in extraordinary situations…" *In re Coletta*, 380 B.R. 140, 146 n.15 (Bankr. E.D. Pa. 2007). Granting a motion under Rule 60(b)(6) "is warranted only in the extraordinary circumstance where, without such relief, an extreme and unexpected hardship would occur." *Giuliano v. Selective Advisors Grp., LLC (In re NLG, LLC)*, 2023 WL 3243226, at *3 n.12 (Bankr. D. Del. May 3, 2023). *See also Bailey v. Navient Sols., LLC (In re Bailey)*, 2021 WL 4314217, at *10 (Bankr. D. N.J. Sept. 22,

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge

---

2021). Extraordinary circumstances are rarely present when a party seeks relief from a judgment that resulted from the party's deliberate choices. *Bailey,* 2021 WL 4314217, at *10.

       Here, not vacating the dismissal order in this Debtor's case would not cause any extreme or unexpected hardship to Excel. First, the In Rem Order and § 362(d)(4) make clear that the in rem relief will only apply to the subject Properties in future bankruptcies if the order is recorded in accordance with state law. As such, it would not be unexpected at all that Excel could not benefit from the In Rem Order in a future bankruptcy if it did not take any steps whatsoever to record it. Furthermore, any hardship to Excel from failing to record the In Rem Order cannot be considered extreme or extraordinary given that Excel may still obtain relief from the automatic stay in Mr. Islam's bankruptcy under § 362(d)(1) and (d)(2). It is not deprived of the ability to obtain relief from the stay, just from the benefit of the In Rem Order entered in this case, but any hardship Excel now faces was the result of its own actions, which cannot constitute grounds for relief under Rule 60(b)(6).

9